IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11198
Summary Calendar
_____


BILL R. SMITH, Individually and as
Community Survivor of Freda Lorece
Smith, Deceased; BILLIE RUTH KIRBY,
Surviving Child of Freda Lorece Smith,
Deceased; ROLAND ROBERT SMITH, Surviving
Child of Freda Lorece Smith, Deceased;
CYNTHIA GAIL MASSEY, Surviving Child of
Freda Lorece Smith, Deceased,

                                        Plaintiffs-Appellants,

versus

RICK D. WALDEN; JIMMY ADAMS; WHEELER
COUNTY, TEXAS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:97-CV-204
--------------------
July 17, 2000

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Appellants challenge the district court's dismissal of their

civil-rights lawsuit.  They argue that the court erred in holding

that Officer Rick D. Walden was entitled to qualified immunity on

the claim that he violated Bill R. and Freda Lorece Smith's

rights to substantive due process when he collided with their

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

vehicle when responding to a call.  Because the protections of the Due Process Clause are not triggered by conduct of the sort alleged by Appellants, the district court did not err in holding that Officer Walden was immune.  See County of Sacramento v. Lewis, 523 U.S. 833, 853 (1998); Brown v. Nationsbank Corp., 188 F.3d 579, 591 (5th Cir. 1999), petition for cert. filed, 68 U.S.L.W. 3566 (2000); Harris v. Victoria Indep. Sch. Dist., 168 F.3d 216, 223 (5th Cir.), cert. denied, 120 S. Ct. 533 (1999).

Appellants also challenge the district court's dismissal of their claims against Sheriff Jimmy Adams and Wheeler County for their failure to train Officer Walden or to have a policy governing the use of high speeds.  Neither claim is viable in the absence of any constitutional injury, however.  See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); Angel v. City of Fairfield, Tex., 793 F.2d 737, 739 (5th Cir. 1986).

AFFIRMED.